# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 23, 2022

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP2072-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CM1192

**IN COURT OF APPEALS**
**DISTRICT II**

---

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

ALEC D. ALFORD,

    DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Waukesha County: JACK A. MELVIN, III, Judge. *Reversed and cause remanded*.

¶1 GUNDRUM, P.J.[1] The State appeals from a judgment of the circuit court dismissing Waukesha County case No. 2020CM1192. It contends the court

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

erred in granting Alec Alford's motion to dismiss case No. 2020CM1192 based on its previous dismissal with prejudice of an earlier, related case, Waukesha County case No. 2019CF597. For the following reasons, we reverse and remand.

## *Background*

¶2 Alford was charged in case No. 2019CF597 with one count of delivery of cocaine, second and subsequent offense, contrary to WIS. STAT. §§ 961.41(1)(cm)1r. and 961.48(1)(b). On January 9, 2020, the circuit court dismissed that case with prejudice due to the State's failure to promptly prosecute it following Alford's request for prompt disposition under WIS. STAT. § 971.11(2).

¶3 The State subsequently filed charges against Alford in case No. 2020CM1192 for five counts of possession of drug paraphernalia, as a repeater, pursuant to WIS. STAT. §§ 961.573(1) and 939.62(1)(a). The drug paraphernalia underlying the charges was the packaging for the cocaine that formed the basis for the delivery of cocaine charge in case No. 2019CF597. Alford moved to dismiss case No. 2020CM1192 on the basis that the charges violated WIS. STAT. § 939.71, which establishes a "limitation on the number of convictions." The circuit court granted the motion, and the State appeals.

## *Discussion*

¶4 This appeal requires us to decide whether the State is barred by WIS. STAT. § 939.71 from charging the five drug paraphernalia counts in 2020CM1192 because of the prior dismissal with prejudice of the delivery of cocaine charge due to the State's failure to timely prosecute that charge. To make this decision, we must interpret and apply § 939.71. The interpretation and application of statutes

are matters of law we review de novo. *See* ***Century Fence Co. v. American Sewer Servs.***, 2021 WI App 75, ¶8, 399 Wis. 2d 742, 967 N.W.2d 32 (citation omitted).

¶5 As indicated, Alford's arguments before the circuit court focused on WIS. STAT. § 939.71, which reads:

> **Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state … a conviction or *acquittal on the merits* under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

(Emphasis added.) On appeal, Alford makes no attempt to respond to the State's brief-in-chief argument that the dismissal with prejudice of case No. 2019CF597 does not constitute an "acquittal on the merits," as required for § 939.71 to even come into play.[2] By failing to contest the State's argument, Alford concedes it. *See* ***Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp***., 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (Unrefuted arguments are deemed admitted.). Furthermore, Alford develops no legal argument in support of the circuit court's ruling, but in conclusory fashion just states that the circuit court "should be affirmed." This is insufficient. While we could reverse based solely on Alford's failure to respond to, and thus concession of, the State's argument, we will add some additional observations in support of our reversal.

¶6 As indicated, WIS. STAT. § 939.71 could only come into play for the case now before us, case No. 2020CM1192, if case No. 2019CF597 had resulted in a "conviction or acquittal on the merits." Clearly it did not result in a

---

[2] Alford also fails to respond to the State's specific multiplicity of charges and Double Jeopardy arguments.

conviction. But, the circuit court's dismissal with prejudice based solely on the State's failure to timely advance the case also did not constitute an "acquittal on the merits."

¶7 In its brief-in-chief, the State relies on the United States Supreme Court's ruling in *Evans v. Michigan*, 568 U.S. 313 (2013), in arguing that the dismissal with prejudice of case No. 2019CF597 did not constitute an "acquittal on the merits." Despite the State's persuasive arguments, Alford makes no attempt to respond to these arguments and does not even reference *Evans*. We find *Evans* to be quite instructive, as it lays out which types of "dismissals" of a criminal case constitute an "acquittal" and which do not.

> [O]ur cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense. Thus an "acquittal" includes "a ruling by the court that the evidence is insufficient to convict," a "factual finding [that] necessarily establish[es] the criminal defendant's lack of criminal culpability," and any other "rulin[g] which relate[s] to the ultimate question of guilt or innocence." These sorts of substantive rulings stand apart from procedural rulings that may also terminate a case midtrial, which we generally refer to as dismissals or mistrials. Procedural dismissals include rulings on questions that "are unrelated to factual guilt or innocence," but "which serve other purposes," including "a legal judgment that a defendant, although criminally culpable, may not be punished" because of some problem like an error with the indictment.

*Evans*, 568 U.S. at 319-20 (first alteration added; citations omitted).

¶8 The *Evans* Court further noted that "a 'termination of the proceedings against [a defendant] on a basis unrelated to factual guilt or innocence of the offense of which he is accused,' *i.e.*, some procedural ground, does not pose the same concerns" as an acquittal based on factual guilt or innocence because an

acquittal based on the latter carries with it an "expectation of finality."[3] *Id.* at 319-20 (alteration in original; citation omitted). Unlike a "determination that the State ha[s] failed to prove its case," "a dismissal on a procedural ground 'unrelated to factual guilt or innocence,' like the question of 'preindictment delay,'" for example, does not constitute an "acquittal." *Id.* at 320 (citation omitted).

¶9     Black's Law Dictionary's definitions of "acquit" and "acquittal" comport with the understanding of "acquittal" highlighted in *Evans*. "Acquit" means "[t]o *clear* (a person) of a criminal charge; specific., to give an official decision in a court of law that someone is *not guilty* of a crime." *Acquit*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). Similarly, "acquittal" means "[t]he legal certification, usu. by jury verdict, that an accused person is *not guilty* of the charged offense; an official statement in a court of law that a criminal defendant is *not guilty*." *Acquittal*, BLACK'S LAW DICTIONARY (10th ed. 2014) (emphasis added). Furthermore, "merits"—as in an "acquittal on the merits" in WIS. STAT. § 939.71—is defined as "the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points, esp. of procedure." *Merits*, BLACK'S LAW DICTIONARY (10th ed. 2014).

¶10     Turning to the case now before us, case No. 2020CM1192, there is no way in which the circuit court's dismissal with prejudice of case No. 2019CF597—based solely on the State's failure in that case to diligently and timely prosecute the matter—could be reasonably viewed as an "acquittal" much

---

[3] The "concerns" the *Evans* Court noted as related to a retrial following an acquittal are that a retrial "would upset a defendant's expectation of repose, for it would subject him to additional 'embarrassment, expense and ordeal' while 'compelling him to live in a continuing state of anxiety and insecurity.'" *Evans v. Michigan*, 568 U.S. 313, 319 (2013).

less an "acquittal on the merits." There was not even a consideration, much less a determination, of "factual guilt or innocence." *See Evans*, 568 U.S. at 319; *see also State v. Alvarado*, 2017 WI App 53, ¶9, 377 Wis. 2d 710, 903 N.W.2d 122 ("acquittals 'resolve factual elements of the offense'" (quoting *State v. Turley*, 128 Wis. 2d 39, 49, 381 N.W.2d 309 (1986))). The dismissal of 2019CF597 with prejudice was strictly "a dismissal on a procedural ground 'unrelated to factual guilt or innocence,' like a question of 'preindictment delay.'" *See Evans*, 568 U.S. at 320 (citation omitted). As a result, WIS. STAT. § 939.71 does not come into play and provides Alford no help.

¶11 For the foregoing reasons, we reverse the judgment of dismissal in case No. 2020CM1192 and remand to the circuit court for further proceedings on that case.

*By the Court.*—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

6